AO 245D (Rev. 11/16)  Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Arkansas

| UNITED STATES OF AMERICA<br>v. | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release) |
|---|---|

JIMMIE JAY LAWSON

Case No.     5:07CR50032-001

USM No.     08095-010

Jack Schisler
Defendant's Attorney

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s)   Two, Four, and Six          of the term of supervision.

☐ was found in violation of condition(s) count(s)                    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | Special Condition 8: Shall Refrain from Use of Alcohol | 10/22/2019 |
| 4 | Special Condition 8: Shall Refrain from Use of Alcohol | 06/23/2020 |
| 6 | Criminal Monetary Penalties: Fail to Pay Fine | 06/30/2020 |

   The defendant is sentenced as provided in pages 2 through      7      of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Upon motion of the Government, the Court dismissed condition(s) 1, 3, and 5 and the defendant is discharged as to such violation(s) condition.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec.     7133

Defendant's Year of Birth:     1962

City and State of Defendant's Residence:
     Fayetteville, Arkansas

August 10, 2020
Date of Imposition of Judgment

Signature of Judge

Honorable Timothy L. Brooks U.S. District Judge
Name and Title of Judge

August 17, 2020
Date

AO 245D (Rev. 11/16)   Judgment in a Criminal Case for Revocations
                       Sheet 2— Imprisonment

Judgment — Page  2  of  7

DEFENDANT:        JIMMIE JAY LAWSON
CASE NUMBER:      5:07CR50032-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**Six (6) months**

☒ The court makes the following recommendations to the Bureau of Prisons: **Designation to FCI El Reno**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

245D (Rev. 11/16)   Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:        JIMMIE JAY LAWSON
CASE NUMBER:   5:07CR50032-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
**Fifty-four (54) months**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 11/16)    Judgment in a Criminal Case for Revocations
                        Sheet 3A — Supervised Release

|  |  | Judgment—Page | 4 | of | 7 |

DEFENDANT:          JIMMIE JAY LAWSON
CASE NUMBER:        5:07CR50032-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____          Date  _____

AO 245D (Rev. 11/16)    Judgment in a Criminal Case for Revocations
                        Sheet 3D — Supervised Release

Judgment—Page **5** of **7**

DEFENDANT:       JIMMIE JAY LAWSON
CASE NUMBER:     5:07CR50032-001

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall submit to any means utilized by the probation office to track his whereabouts or location at any time.

2.  The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Office. The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the U.S. Probation Office.

3.  The defendant shall attend and participate in a mental health treatment program and/or sex offender treatment program as approved and directed by the Probation Officer. He shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, at his own expense, to determine if he is in compliance with the conditions of release.

4.  Except for purposes of employment, the defendant shall not possess, use, or have access to a computer or any other electronic device that has Internet or photograph storage capabilities, without prior advance notice and approval of the U.S. Probation Office. Reasonable requests by the defendant for such approval should not be denied, provided that the defendant allows the U.S. Probation office to install Internet-monitoring software, and submits to random searches of his computers, electronic devices, and peripherals.

5.  The defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations, without individual showing of reasonable suspicion, on any computer equipment used by the defendant. The examination may include assistance of other law enforcement agencies. This may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with conditions and/or removal of such equipment for the purposes of conducting a more thorough inspection, and allow at the discretion of the probation officer, installation on the defendant's computer, at the defendant's expense per co-payment policy, any hardware or software systems to monitor the defendant's computer use. The defendant shall comply with a Computer Monitoring and Acceptable Use Contract, which includes a requirement that the defendant use a computer compatible with available monitoring systems. The defendant shall have no expectation of privacy regarding computer use or information stored on the computer. The defendant shall warn any other significant third parties that the computer(s) may be subject to monitoring. Any attempt to circumvent monitoring and examination may be grounds for revocation.

6.  The defendant shall submit his person, residence, vehicle, place of employment, office and/or business to a search conducted by the United States Probation Office at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of any condition of supervised release. The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition. Additionally, he shall obtain written verification from other residents that said residents acknowledge the existence of this condition and that their failure to cooperate could result in revocation. This acknowledgment shall be provided to the U.S. Probation Office immediately upon taking residency.

7.  The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment available.

8.  The defendant shall refrain from the use of alcohol.

9.  The defendant shall have no contact with Jennifer Lawson without the prior approval of the U.S. Probation Office.

10. Upon release from custody, the U.S. Probation Office shall evaluate defendant to determine whether he needs additional or ongoing treatment for alcoholism. To the extent such treatment is necessary, the U.S. Probation Office shall attempt to assist defendant with admittance to an alcohol treatment program offered by Veterans Affairs.

AO 245D (Rev. 11/16)   Judgment in a Criminal Case for Revocations
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT:        JIMMIE JAY LAWSON
CASE NUMBER:      5:07CR50032-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $  0 | $  -0- | $ 2,075.00* | $  -0- |

***remaining balance**

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | | | |
|---|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 0.00 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for the    ☒  fine    ☐  restitution.

☐   the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D (Rev. 11/16)   Judgment in a Criminal Case for Revocations
Sheet 6 — Schedule of Payments

Judgment — Page   7   of   7

DEFENDANT:       JIMMIE JAY LAWSON
CASE NUMBER:   5:07CR50032-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $   2,075.00           due immediately, balance due

☐   not later than _____ , or
X   in accordance with   ☐  C,   ☐  D,   ☐  E, or   X   F below); or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties:

After imprisonment, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of $50, with the entire balance to be paid in full not later than one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.