IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

V.                              **CASE NO. 5:07-CR-50032**

**JIMMIE JAY LAWSON**                                                         **DEFENDANT**

## ORDER

Now pending before the Court is a Motion Requesting Early Termination of Supervised Release (Doc. 108) by Jimmie Jay Lawson. He believes he is entitled to early termination because he has been fully compliant with the terms of supervision and has paid his financial penalty to the Court. In addition, he notes that he has been sober since July 2020 and has a strong support system of family members and friends. The Government opposes Mr. Lawson's request. *See* Doc. 110.

On April 21, 2008, Mr. Lawson was sentenced to 63 months of imprisonment for possession of child pornography. He was ordered to pay a $10,000 fine and serve a lifetime term of supervised release. He was released from the Bureau of Prisons on May 15, 2012, but on June 8, 2018, he was sentenced to five months of imprisonment for violating the terms of supervised release. The Court reduced the remaining term of supervised release from life to 60 months. While on supervised release for the second time, Mr. Lawson committed a new law violation involving an assault on a family member. He was revoked again on August 10, 2020, and sentenced to six more months of imprisonment followed by a 54-month term of supervised release. He was released from prison on December 25, 2020, and has been compliant with the terms of supervision since then.

Pursuant to 18 U.S.C. § 3583(e)(1), any time after one year of supervised release has passed, and after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court may terminate the remaining term of supervised release and discharge the defendant "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court is afforded "broad discretion" to decide whether a term of supervised release should be terminated. *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004).

Although the Court commends Mr. Lawson for successfully completing his most recent prison term, paying his full financial penalty, and remaining clean and sober, he has offered no persuasive justification for early termination. In general, mere compliance with the terms of supervised release is expected of defendants, and demonstrating such compliance is not, in and of itself, a factor that justifies early termination in the absence of proof of hardship or other exceptional burdens.

**IT IS THEREFORE ORDERED** that the Motion Requesting Early Termination of Supervised Release (Doc. 108) is **DENIED**.

**IT IS SO ORDERED** on this 12th day of August, 2022.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE